**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4769**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LENA GANT,

              Defendant - Appellant.

---

**No. 12-4946**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

SHANNON FISHBURNE,

              Defendant - Appellant.

---

Appeals from the United States District Court for the District
of South Carolina, at Charleston.   David C. Norton, District
Judge.  (2:12-cr-00119-DCN-1; 2:12-cr-00119-DCN-3)

---

Submitted:  May 14, 2013            Decided:  July 11, 2013

---

Before WILKINSON, KING, and AGEE, Circuit Judges.

---

No. 12-4769 affirmed in part, vacated in part, and remanded; No. 12-4946 affirmed by unpublished per curiam opinion.

_____

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina; Timothy Kirk Truslow, THE TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellants.  Dean Hodge Secor, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lena Gant and Shannon Fishburne pled guilty, pursuant to plea agreements, to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006). The court sentenced Gant to twenty-seven months' imprisonment and five years' supervised release and imposed $133,175.25 in restitution. The court sentenced Fishburne to eighteen months' imprisonment and three years' supervised release and imposed $39,196.35 in restitution. On appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Appellants' pleas and whether Appellants' sentences are reasonable. Appellants were advised of their right to file pro se supplemental briefs, but they did not do so. We affirm in part, vacate in part, and remand for resentencing.

Because Appellants did not move in the district court to withdraw their guilty pleas, our review of their Rule 11 hearings is for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002); see United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (providing plain error standard in context of guilty pleas). After reviewing the Rule 11 colloquies pursuant to Anders, we conclude that the district court substantially complied with the requirements of

Rule 11, failing only to inform Appellants of their right to persist in their pleas of not guilty, and that this minor omission did not affect Appellants' substantial rights. See Massenburg, 564 F.3d at 344 (holding that "mere existence of an error cannot satisfy the requirement that [defendants] show that [their] substantial rights were affected"); United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (holding that district court's failure to provide requisite information in Rule 11 hearing is harmless error where defendant was advised of omitted information through another means before hearing). We therefore affirm Appellants' convictions.

Our review of Gant's term of supervised release, however, reveals that it is not free from plain error. See United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010) (providing plain error standard in context of sentencing). The offense of conspiracy to defraud the United States carries a statutory maximum of five years' imprisonment, making it a Class D felony. 18 U.S.C. §§ 371, 3559(a)(4) (2006). The maximum term of supervised release for a Class D felony is three years. 18 U.S.C. § 3583(b)(2) (2006). Accordingly, the district court plainly erred by sentencing Gant to a five-year term of supervised release, exceeding the statutory maximum. Thus, we vacate Gant's five-year term of supervised release and remand for resentencing.

4

We review the remainder of Gant's sentence and Fishburne's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. After reviewing the sentencing transcript pursuant to Anders, we conclude that the sentences are procedurally reasonable, as the district court properly calculated Appellants' applicable Guidelines ranges, gave each party the opportunity to present argument and to allocute, considered the 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained the selected sentences. See Gall, 552 U.S. at 49-51 (listing factors for court to consider when determining procedural reasonableness). Moreover, we conclude that Appellants' within-Guidelines sentences, apart from Gant's term of supervised release, are substantively reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) (holding that, on appeal, within-Guidelines sentences are presumptively reasonable); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (holding that defendants bear burden of showing "that the sentence[s are] unreasonable when measured against the § 3553(a) factors" (internal quotation marks omitted)). Thus, we affirm Fishburne's sentence and affirm the remainder of Gant's sentence.

5

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no other meritorious issues for appeal. We therefore affirm Appellants' convictions and Fishburne's sentence. We vacate Gant's five-year term of supervised release and remand for resentencing and affirm Gant's sentence in all other respects. This court requires that counsel inform their clients, in writing, of the right to petition the Supreme Court of the United States for further review. If either requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 12-4769 <u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>
No. 12-4946 <u>AFFIRMED</u>

6